Fofana v. Holder

BIA
Videla, IJ
A098 642 305

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand fourteen.

PRESENT:
            ROBERT A. KATZMANN,
                 *Chief Judge,*
            DEBRA ANN LIVINGSTON,
            RAYMOND J. LOHIER, JR.,
                 *Circuit Judges.*
_____

AMADOU FOFANA, AKA MOUSSA BASSIROU,
        *Petitioner,*

        v.                                    12-4635
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Theodore Vialet, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Jennifer L. Lightbody,
                         Senior Litigation Counsel; Matthew
                         A. Connelly, Trial Attorney, Office

**of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Amadou Fofana, a native and citizen of Cote d'Ivoire, seeks review of the October 25, 2012, decision of the BIA affirming the September 13, 2011, decision of an immigration judge ("IJ") denying his motion to reopen. *In re Amadou Fofana*, No. A098 642 305 (B.I.A. Oct. 25, 2012), *aff'g* No. A098 642 305 (Immig. Ct. N.Y.C. Sept. 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The agency's determination that Fofana did not show a change in country conditions is not supported by substantial evidence and, accordingly, the agency abused its discretion in denying his motion to reopen as untimely. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir. 2008); *Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision

2

has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.23(b)(1). There is no dispute that Fofana's July 2011 motion was untimely and number-barred, as it was his second motion to reopen, and the final administrative decision was issued in April 2010. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1).

The time limitation does not apply to a motion to reopen if it is "based on changed country conditions arising in the country of nationality or in the country to which removal has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous proceeding." 8 C.F.R. § 1003.23(b)(4)(i); *see* 8 U.S.C. § 1229a(c)(7)(C)(ii). While the agency concluded that conditions in Cote d'Ivoire remained adverse, and had not worsened, the country conditions evidence Fofana submitted shows that there was a material worsening of conditions for individuals, like him, who were members of the political party Rally for Republicans ("RDR").

The 2010 U.S. State Department Human Rights Report on Cote d'Ivoire explains that in November 2010, the RDR

3

candidate for president, Alassane Ouattara, won the runoff election against the incumbent, Laurent Gbagbo; Gbagbo refused to relinquish control; and the two men established separate governments. The Report further provides that, although forces loyal to Gbagbo had engaged in human rights abuses prior to the election, following the election, they began targeting RDR members and Ouattara supporters specifically, raiding campaign offices and individual homes, killing, injuring, and detaining RDR supporters, and, in one instance, firing on RDR supporters during a demonstration, killing at least twenty people and arresting hundreds. Accordingly, the agency's conclusion that Fofana did not show changed country conditions is not supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169; *Delgado v. Mukasey*, 508 F.3d 702, 705 (2d Cir. 2007) (the substantial evidence standard "requires a certain minimum level of analysis from the IJ and BIA, as well as some indication that the IJ considered material evidence supporting a petitioner's claim." (internal quotation marks and alteration omitted)).

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk